UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CONTAINMENT TECHNOLOGIES GROUP, )
INC., )
            )
        Plaintiff, )
            ) 1:07-cv-997- DFH-TAB
    vs. )
            )
            )
AMERICAN SOCIETY OF HEALTH )
SYSTEM PHARMACISTS, GREGORY F. )
PETERS, MARGHI R. McKEON, and )
WILLIAM T. WEISS, )

        Defendants.

**ORDER ON DISCOVERY MOTIONS**

**I.    Introduction.**

This matter is before the Court on Defendants' motion to compel [Docket No. 90] and Plaintiff's motion for protective order [Docket No. 102], both pertaining to Defendants' request for production of documents served on Plaintiff in February of 2008. These motions require the Court to examine the extent to which counsel may utilize a "confidential" designation on documents produced during discovery. For the reasons set forth below, both motions are granted in part and denied in part.

**II.   Background.**

Plaintiff Containment Technologies Group, Inc. filed this defamation case against Defendants based on an article written and published by Defendants. The article discusses a compounding aseptic isolator (a type of medical equipment) manufactured by Plaintiff as

compared to other isolators that use a different design. Defendants' request for production of documents relates to Plaintiff's own testing and design of its isolator. Plaintiff does not object to producing these documents, but seeks a protective order for those documents containing information that is proprietary. Defendants maintain that a protective order is unnecessary, however they are not opposed to having one. In fact, the parties began negotiating a proposed protective order but were unable to agree to several of its terms. Consequently, the parties filed their motions, each including proposed protective orders.

**III.    Discussion.**

The points of disagreement between the parties are: (a) whether a protective order is warranted; and, if it is, (b) whether only portions of documents should be designated as confidential if the entire document is not actually confidential;[1] and (c) who is entitled to receive the confidential material.[2]

### A.    Is a protective order warranted?

Defendants question whether a protective order is even warranted in this case. [Docket No. 93 at 4; Docket No. 104 at 2.] This Court routinely scrutinizes the need for and scope of any

---

[1] Defendants' motion to compel was broader in its characterization of the disagreement regarding the scope of documents to be designated confidential. [*See* Docket No. 93 at 4-6.] After Plaintiff filed its motion for protective order, which addressed only the issue stated above regarding the scope of the protected material, Defendants explained in their response that Plaintiff "modified some of its earlier positions" and "the number of disputed terms has been narrowed somewhat." [Docket No. 104 at 1.]

[2] In their motion to compel, Defendants also raised the issue of who bears the burden of seeking Court intervention in the event of a dispute. [Docket No. 93 at 6.] The parties do not address this issue again in the briefing of the motion to compel or the motion for protective order, and the proposed protective order submitted to the Court by Plaintiffs seems to adopt Defendants' position on this issue. The Court therefore concludes this issue is no longer a dispute between the parties.

requested protective order, particularly when such orders permit the parties to file documents under seal. In order for the Court to issue a protective order that would keep trade secrets out of the public record: (1) the Court must be satisfied that "the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets"; and (2) the protective order must state that any interested member of the public can challenge the sealing of particular documents. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).

The parties' submissions demonstrate they know what a trade secret is. Plaintiff has represented that "it has spent significant amounts of money and countless hours of employee time developing and enhancing their products, and that it keeps certain information relating to its products and business confidential and secret because the disclosure of such information to competitors would be very damaging." [Docket No. 102 at 1.] Furthermore, the proposed protective orders submitted by both parties limit the categories of information for designation of confidentiality to research and development data, pricing information, financial data, and the identity and lists of customers and vendors. [Docket No. 102, Attach. 1 at ¶ 3; Docket No. 104, Attach. 1 at ¶ 3.] Based on Plaintiff's representation and on the category limitations in the proposed protective orders, the parties obviously know what a trade secret is. Both proposed protective orders also require good faith in designating documents as confidential. [*See* Docket No. 94, Attach. 1 at ¶ 5; Docket No. 102, Attach. 1 at ¶ 7.]

In addition, the proposed protective orders submitted by the parties both contain provisions allowing the public to challenge sealing any documents. [*See* Docket No. 102, Attach. 1 at ¶ 22; Docket No. 104, Attach. 1 at ¶ 22.] Therefore, both prongs of the test

articulated in *Cincinnati Ins.* have been satisfied, such that good cause has been established for the issuance of a protective order.

      **B.**      **What is the proper scope of the designation?**

Defendants seek to include a provision requiring that entire documents only be stamped confidential if indeed the entire document is confidential, and otherwise only those portions or pages that are confidential be marked as such. [*See* Docket No. 104, Attach. 1 at ¶ 8.] Defendants argue that this provision is required by the Seventh Circuit, which has stated that "a document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in trade secrecy would be redaction of portions of the document." [Docket No. 104 at 5 (quoting *Cincinnati Ins.*, 178 F.3d at 945).]

Plaintiff disputes this provision, believing this approach is "unduly burdensome and costly." [Docket No. 102 at 2.] Plaintiff further argues that marking only portions of documents is unnecessary given the protective order approved by this Court in *Brown v. Automotive Components Holdings, LLC*, 1:06-cv-1802-RLY-TAB, Docket No. 80, Attach 1 (S.D. Ind. June 17, 2008). [Docket No. 106 at 2.] Plaintiff emphasizes the following provision from the approved *Brown* protective order:

> 5. To designate information as confidential, the producing party shall mark confidential <u>documents</u> with the legend "CONFIDENTIAL" and shall submit confidential answers to interrogatories or answers to requests for admissions in a separate document stamped with the legend "CONFIDENTIAL."

[*Id.*] Plaintiff implicitly argues that because the Court approved the protective order in *Brown*, that the Court ought to allow for select terms from that protective order in the case at bar.

Plaintiff's selective reliance on *Brown* is not particularly compelling. In *Brown*, the parties had originally filed a protective order that allowed the parties to mark nearly any

4

document "confidential," and gave the parties unfettered ability to file these documents under seal.  *See Brown*, Docket No. 69, Attach. 1.  This proposed protective order prompted the Court to set that matter for a hearing and subsequently issue an order denying the protective order and admonishing counsel for seeking approval of such an order that obviously ran afoul of Seventh Circuit precedent.  *Brown*, Docket No. 80.

 The protective order that the Court ultimately approved in *Brown* narrowed the scope of documents to be marked confidential.  The order also included a provision that made explicit that the protective order was for discovery purposes between the parties only and that the Court would not permit documents to be maintained under seal absent a more rigorous showing.  Specifically, the Court stated:

> Confidential Material may be filed with the Court.  Should any party have good cause to seal from public view any Confidential information that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with Seventh Circuit case law regarding filing materials under seal.  Any member of the public may challenge any attempt by any party to the sealing of documents filed with the Court.

*Brown*, 1:06-cv-1802-RLY-TAB, Docket No. 80, Attach. 1 at ¶ 11.

 There is a difference between a protective order issued for purposes of discovery only and one issued for purposes of sealing documents filed with the Court.  "Secrecy is fine at the discovery stage, before the material enters the judicial record. . . . But those documents . . . that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."  *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)); *see also Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir.

2000) ("Portions of discovery may be conducted in private to expedite disclosure. . . . Much of what passes between the parties remains out of public sight because discovery materials are not filed with the court. But most portions of discovery that are filed and form the basis of judicial action must eventually be released . . . ."). Thus, the same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings.

As a practical matter, the Court is well aware of the practice of many counsel to overdesignate discovery responses as "confidential." Presumably it is easier on the producing party (and more efficient and thus less expensive) to overdesignate in this fashion rather than engage in a painstaking process of document-by-document (or even paragraph-by-paragraph) review of discovery materials to be produced. Massive electronic discovery production has significantly added to this challenge. From the Court's perspective, it makes little difference whether a document is marked as "confidential" during discovery, provided that a document so designated is not permitted to be filed under seal without some separate justification for doing so.

The practitioner, however, does not necessarily share this perspective. As set forth *infra*, a document marked as confidential is entitled to special protections, such as a limitation on who may view such a document. Thus, while the Court may not have a vested interest in this designation prior to the time this document may need to be filed with the Court, the practitioner does. Thus, the question becomes whether it is preferable to require heightened attention to the "confidential" designation at the production stage or at the time the document may later be filed with the Court.

In the Court's view, the better approach is to focus more precisely on the time the

document is filed with the Court. This is so for several reasons. First, even at the production stage, protective orders typically charge counsel with a duty to exercise good faith in affixing a "confidential" or other similar designation to documents, as do both proposed protective orders in this case. Second, requiring counsel to scour each document in a massive electronic discovery production to parcel out which portions of which documents should properly be designated as confidential undoubtedly adds additional burdens and expense to the litigation. Indeed, the recent creation of Federal Rule of Evidence 502, which places limitations on waivers of the attorney client and work product privileges, represents a specific response to the costs involved in extensive document review necessitated by electronic discovery. *See* Fed. R. Evid. 502 advisory committee's note ("[E]lectronic discovery may encompass 'millions of documents' and to insist upon 'record-by-record pre-production privilege review, on pain of subject matter waiver, would impose upon parties costs of production that bear no proportionality to what is at stake in the litigation.'" (quoting *Hopson v. City of Baltimore*, 232 F.R.D. 228, 244 (D. Md. 2005))).

In the event that a document—or parts of a document—are marked confidential and should not have been, counsel should confer regarding this designation in an effort to resolve any dispute. Presumably, such a consultation will resolve many, and perhaps most, of the issues involving overbroad confidentiality designations. Finally, consistent with *Hopson*, most documents designated as confidential will never be filed with the Court or used in any Court proceeding. As a result, heightened attention to confidentiality designations is more appropriate at the time the document is filed with the Court or used in a Court proceeding (if ever), as opposed to the time such a document is produced as part of what may often be a massive

discovery response.

In the case at bar, both parties' proposed protective orders clearly indicate that materials designated confidential that are filed with the Court are to be sealed per Local Rule 5.3. [Docket No. 102, Attach. 1 at ¶ 21; 104, Attach 1 at ¶ 21.] Defendants' version of the protective order—unlike Plaintiff's version—further states: "If Protected Material is contained only in a particular portion(s) or page(s) of a document, such particular portion(s) or page(s) shall be stamped CONFIDENTIAL, not the entirety of the document." As indicated above, this approach is not preferable at the production stage, particularly in light of Plaintiff's representation that utilizing this approach in this case would be "unduly burdensome and costly." [Docket No. 102 at ¶ 7.] The more appropriate and practical approach given the apparent volume of documents to be produced is to omit this provision as well as the provision requiring that documents marked confidential be filed under seal. Rather, like in *Brown*, the protective order in this case should simply provide that parties act in good faith in designating documents as confidential, and that parties seeking to file documents under seal make a separate showing to the Court that good cause exists to do so. The parties shall modify their proposed protective order accordingly.

### C. Who is entitled to the protected information?

The parties dispute who should be entitled to receive the protected information. Plaintiff proposes the following language be included in the protective order: "Protected Material may be disclosed only to those Qualified Persons enumerated in paragraphs 9(c) and 9(g) [if] the prior written consent of the designating party is first obtained." [Docket No. 102, Attach. 1 at ¶ 10;

Docket No. 106 at 3.][3]  Plaintiff argues that this provision would give it an opportunity to learn and give prior approval to "Qualified Persons" who are: (1) non-attorney employees of Mayo Clinic; or (2) independent consultants or experts.  Plaintiff argues this is necessary particularly because the protected information could be given to competitors.  Defendants object to this provision, arguing that it would provide Plaintiff too much control over the Defendants' strategy and would likely burden the Court with refereeing a dispute over whether a particular expert or witness should be given the protected information.  [Docket No. 104 at 2-5.]

It appears that, through the briefing process, the parties have worked through the contention regarding Mayo Clinic employees.  According to Provision 9(c) of Plaintiff's proposed protective order, "Qualified Persons" include "[n]on-attorney employees of Mayo Clinic [the employer of Defendant William T. Weiss] to the extent necessary to assist in the conduct of this action."  Defendants specifically dispute whether non-attorney employees of Mayo Clinic who are part of Mayo Clinic's legal department should be required to obtain prior written consent from Plaintiff, stating that "[i]n-house counsel of Mayo should be given the same courtesy as outside counsel in having the assistance of legal department staff in the handling of Protected Material."  [Docket No. 104 at 4-5.]  Plaintiff responds that it has no objection to

---

[3] The provision in Plaintiff's proposed protective order apparently contains a typo.  It actually states: "Protected Material may be disclosed only to those Qualified Persons enumerated in paragraphs 9(c) and 9(g) **unless** the prior written consent of the designating party is first obtained."  According to this version, only the people described in paragraphs 9(c) and 9(g) would automatically have access to the protected information under the protective order, and the rest of the categories of people would be required to first obtain written consent.  This meaning is nonsensical given the arguments of the parties and the fact that paragraphs 9(c) and 9(g) are the only two paragraphs requiring that persons within those categories sign a copy of the protective order.  Therefore, the Court changed the language of the proposed provision in dispute (from "unless" to "if").

allowing non-attorney employees of Mayo Clinic who are in the legal department to be "Qualified Persons," but objects to giving this designation to other Mayo Clinic employees. [Docket No. 106.] Defendants do not address this issue in their reply, so presumably they are satisfied if all Mayo Clinic employees who are in the legal department—but no other Mayo Clinic employees—have access to the protected information without the need to obtain prior written approval. [*See* Docket No. 110.] This is the most reasonable result, and the protective order shall reflect this apparent agreement.

The parties are still in disagreement over disclosure of the information to experts, consultants, and witnesses. Defendants propose "Qualified Persons" include "[w]itnesses and deponents in the course of this litigation to whom disclosure is made for purposes of their testimony." [Docket No. 104, Attach. 1 at ¶ 9(f).] Defendants further suggest that Plaintiff is not entitled to know specifically who Defendants provide this information to, arguing that Plaintiff is not entitled to the identity of Defendants' expert consultants nor the early identification of their testifying experts. [Docket No. 104 at 3 (citing Federal Rule of Civil Procedure 26(b)(4)(B)).]

On the other hand, Plaintiff contends that Defendants should be required to obtain prior written approval from Plaintiff before disclosing this information. Plaintiff argues that Defendants have a mechanism for disclosing the protected materials to witnesses and deponents through Paragraph 9 of its proposed protective order. This provision allows Defendants to reveal the protected information to persons other than "Qualified Persons" upon obtaining a written agreement of all parties or an order from the Court. [*See* Docket No. 102, Attach. 1 at ¶¶ 9(j, k).]

The Court agrees with Defendants that requiring Defendants to obtain permission from

Plaintiff before providing its experts, consultants, and witnesses with protected information provides Plaintiff too much control over Defendants' ability to mount a defense, particularly since much of the protected information is at the heart of the dispute between the parties. However, Plaintiff is entitled to at least know who is receiving such information, as this may assist Plaintiff in determining the source of any protective order violation should one occur. Therefore, the protective order shall be drafted such that experts, consultants, and witnesses (not already part of one of the agreed upon categories of "Qualified Persons") shall have access to the protected information, but only if such persons sign the protective order and are advised that they are bound by its terms, and copies of such signed orders shall be provided to Plaintiff promptly upon execution.

**IV.     Conclusion.**

For the foregoing reasons, Defendants' motion to compel [Docket No. 90] is granted in part and denied in part, and Plaintiff's motion for protective order [Docket No. 102] is granted in part and denied in part. As conceded by Plaintiff, Defendants are entitled to the information at issue. However, Plaintiff is entitled to a protective order regarding the information. Consistent with this order, an entire document may be marked as "confidential" if done so in good faith, in light of the costs and burdens that might be required by a more discerning review of voluminous production. However, a separate showing of good cause will be required in the event that the parties seek to file any document under seal. Furthermore, "Qualified Persons" shall include experts, consultants, and witnesses, but only if such persons sign the protective order and are advised that they are bound by its terms. The signed protective orders shall be provided to Plaintiff promptly upon execution.

The parties shall file within 20 days of the date of this order a proposed protective order reflecting the rulings made in this order. Upon the Court's acceptance of the parties' proposed protective order, Plaintiff shall have 10 days in which to disclose to Defendants the protected information at issue in this dispute.

Dated: 10/10/2008

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Steven M. Badger
BOSE MCKINNEY & EVANS, LLP
sbadger@boselaw.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Anne L. Cowgur
BINGHAM MCHALE LLP
acowgur@binghammchale.com

Danford Royce Due
DUE DOYLE FANNING & METZGER
ddue@duedoyle.com

Daniel P. King
LOCKE REYNOLDS LLP
dking@locke.com

Kara M. Moorcroft
BARNES & THORNBURG LLP
kara.moorcroft@btlaw.com

Kelly Michelle Scanlan
BOSE MCKINNEY & EVANS, LLP
kscanlan@boselaw.com

Joel E. Tragesser
LOCKE REYNOLDS LLP
jtragesser@locke.com

T. Joseph Wendt
BARNES & THORNBURG LLP
jwendt@btlaw.com